IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

MAURICIO ANGARITA,

    Debtor(s)

_____ /

Case No. 13-31744-LMI
Chapter 7

DEBTOR'S MEMORANDUM IN SUPPORT OF MOTION TO VALUE PURSUANT TO 11 U.S.C. § 506(a) and (d)

**THE DEBTOR** ("Movant"), by and through counsel, hereby file their memorandum of law in support of Motion to Value filed on February 27, 2014, Docket Number [49], and herein respectfully moves this Court for an order granting such Motion to Value for the reasons set forth in the following memorandum, which is attached hereto and incorporated herein:

Respectfully submitted,

**FINANCIAL LEGAL GROUP, INC**
Alexander J. Alfano, Esq.
Counsel for the Debtor
2655 Le Jeune Road, 4th Floor
Coral Gables, FL 33134
Telephone: 305-728-1341
Facsimile: 305- 728-1331
*/s/* **Alexander J. Alfano**
Florida Bar No: 989614.

**MEMORANDUM**

1. On or about February 27, 2014, the debtors filed a Motion to Value and Determine secured status of Lien in Real Property located at 10750 NW 66th Street Apt. 506, Doral, FL 33178 Pursuant to 11 U.S.C. § 506 (a) and (d). Copy of the Motion is hereby attached as Exhibit "A".

2. Nationstar Mortgage holds a superior lien on the Real Property in the amount of $380,000.00.

3. As per The Miami-Dade County Office of the Property appraiser the Market Value of the property is $172,890.00. Copy of the Tax Appraisal is hereby attached as Exhibit "B".

4. The Creditor Aurora Loan Servicing (DTA Solutions LLC), holds a secondary mortgage recorded at CFN #2009 R 453404 OR Book 26913 Page 2616 in the official records of Miami-Dade County, Florida. Copy of the Mortgage is hereby attached as Exhibit "C".

5. As previously stated on the original Motion there is no equity securing the obligation. Therefore the Creditor Aurora Loan Servicing (DTA Solutions LLC) should be treated as an unsecured creditor being subject to "strip-off" pursuant to 11 U.S.C. § (a) and (d).

ANALYSIS

6. For many years Federal Courts had adopted the ruling by the U.S. Supreme Court decision in <u>Dewsnup v. Timm</u>, 502 U.S. 410, 417, 112 S. Ct. 773, 116 L .Ed.2d 903 (1992), where the Court set some of the Rules regarding the strip-off of liens of Real Property in a Chapter 7 Bankruptcy.

7. A recent opinion, by the U.S. 11th DISTRICT COURT OF APPEALS, in <u>McNeal v. GMAC Mortgage, LLC</u>, et al, Case No. 11-11352-CC, in a similar case as the one at bar, was caused where the Bankruptcy Court denied the Motion of the debtor that sought to "strip-off" the

second priority lien, where the property had a senior lien that exceeded the home's market value, therefore leaving the second mortgage wholly unsecured. The U.S. Court of Appeals held that the Junior lien was allowed under 11 U.S.C. § 502 and wholly unsecured pursuant to section 506 (a) was undisputed.

8. The U.S. 11TH District Court of Appeals concluded that the present controlling precedent regarding the strip-off of a junior lien in a Chapter 7 in the Eleventh Circuit remains their decision in <u>Folendore v. United States Small Business Administration</u>., 862 F.2d 1537 (11th Cir.1989) where the Court concluded that an allowed claim that was wholly unsecured, was voidable under the plain language of section 506(d). The court also held that although the Supreme Court's reasoning in <u>Dewsnup</u> seems to reject the plain language analysis that we use in <u>Folendore,</u> "[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding." Atl.Sounding Co., Inc., 496 F.3d at 1284 (citing <u>Crawford-El v. Britton</u>. 118 S. Ct. 1584, 1590 (1998). "[T]hat the reasoning of an intervening high Court decision is at odds with that of our prior decision is no basis for a panel to depart from our decision." Id. "As we have stated, **'[o]bedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing. "** Id. **In fact, the Supreme Court – noting the ambiguities in the bankruptcy code and the "the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations" –limited its Dewsnup decision expressly to the precise issue raised by the facts of the case, to wit, the strip-down of a partially secured mortgage lien. 112 S. Ct. at 778**. (emphasis added). Copy of the US Eleventh Circuit of Appeals is hereby attached as Exhibit "D".

9. The Bankruptcy case at bar has been filed in a Federal Bankruptcy Court of the Southern District of Florida. Therefore, the above mentioned opinion applies.

**WHEREFORE**, movant prays that the Court grant their Motion to Value filed on February 27, 2014, Docket Number [49], and such further relief as the Court may deem appropriate.

    Respectfully submitted,

    **FINANCIAL LEGAL GROUP, INC**
    Alexander J. Alfano, Esq.
    Attorneys for Movant

    **/s/ Alexander J. Alfano**
    Florida Bar No: 989614.

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via ECF this 1st day of April, 2014 to those parties who are registered CM/ECF participants in this case.

**CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)**

I **HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                                **FINANCIAL LEGAL GROUP, INC**
                                Alexander J. Alfano, Esq.
                                Counsel for the Debtor
                                2655 Le Jeune Road, 4th Floor
                                Coral Gables, FL 33134
                                Telephone: 305-728-1341
                                Facsimile: 305- 728-1331
                                */s/ Alexander J. Alfano*
                                Florida Bar No: 989614.

"EXHIBIT A "

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                        Case No: 13-31744-LMI
                                                              Chapter 7

MAURICIO ANGARITA

_____Debtor_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**
**ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN FOURTEEN BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1.   Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of Aurora Loan Servicing (DTA Solutions LLC), (the "Lender").  Lender holds a mortgage recorded at CFN #2009 R 453404 OR Book <u>26913</u> Page 2616 in the official records of Miami-Dade County, Florida.

2.   The real property is located at 10750 NW 66th Street, Unit 506, Doral, FL 33178, and is more particularly described as follows:

Condominium Unit No. 506 of Captiva Condominium B, a Condominium, According to the Declaration thereof, as recorded in Official Records Book 18337, at Page 3872, of the Public Records of Miami-Dade County, Florida

3. At the time of the filing of this case, the value of the real property is $172,890.00 as determined by Miami-Dade Property Appraiser.

4. Nationstar Mortgage hold liens on the real property, senior to priority to Lender, securing claims in the aggregate amount of $380,000.00.

5. *(Select only one):*

   __X__ Lender's collateral consists solely of the debtor's principal residence.   As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

   _____ Lender's collateral is not solely the debtor's principal residence.   After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $ _____ and the value of the Lender's unsecured, deficiency claim is $ _____.

6. The undersigned reviewed the docket and claims register and states (select only one):

   __X__ Lender has not filed a proof of claim in this case.   The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

   or

   _____ Lender filed a proof of claim in this case.   It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

   **WHEREFORE,** the debtor respectfully requests an order of the Court   (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic notice if registered in the Electronic Case Filing System, otherwise by US Mail on the following: Soneet Kapila, Chapter 7 Trustee, Mauricio Angarita, 10750 NW 66th Street, Apt 506, Doral, FL, 33178, Aurora Loan Servicing (DTA Solutions LLC).

                  **Submitted by:**

                  FINANCIAL LEGAL GROUP, INC
                  Alexander J. Alfano, Esq.
                  Counsel for Debtor
                  2655 Le Jeune Road, 4th Floor
                  Coral Gables, Florida 33134
                  Telephone: 305-7281341

                  /s/ Alexander J. Alfano, Esq.
                  Florida Bar No. 989614



**MIAMI-DADE COUNTY**
**OFFICE OF THE PROPERTY APPRAISER**
**PROPERTY SEARCH SUMMARY REPORT**

*Carlos Lopez-Cantera*
*Property Appraiser*

### Property Information:

| | |
|---|---|
| Folio | 35-3018-018-0300 |
| Property Address | 10750 NW 66 ST 506 |
| Owner Name(s) | MAURICIO ANGARITA &W GRACIELA CORREA |
| Mailing Address | 10750 NW 66 ST #506 MIAMI FL 33178-3775 |
| Primary Zone | 3800 MULTI-FAMILY - 22-37 U/A |
| Use Code | 0007 CONDOMINIUM - RESIDENTIAL |
| Beds/Baths/Half | 2/2/0 |
| Floors | 0 |
| Living Units | 1 |
| Adj. Sq. Footage | 1,700 |
| Lot Size | 0 |
| Year Built | 1998 |
| Full Legal Description | CAPTIVA CONDO B UNIT 506 UNDIV 1/70 INT IN COMMON ELEMENTS OFF REC 18337-3872 OR 20027-1827 1001 1 F/A/U 30-3018-018-0300 COC 22570-3703 07 2004 1 |



Aerial Photography 2012

### Assessment Information:

| | Current | Previous | Previous 2 |
|---|---|---|---|
| Year | 2013 | 2012 | 2011 |
| Land Value | $0 | $0 | $0 |
| Building Value | $0 | $0 | $0 |
| Market Value | $172,890 | $192,100 | $174,640 |
| Assessed Value | $172,890 | $179,879 | $174,640 |

### Benefits Information:

| | | Current | Previous | Previous 2 |
|---|---|---|---|---|
| Benefit | Type | 2013 | 2012 | 2011 |
| Save Our Homes | Assessment Reduction | $0 | $12,221 | $0 |
| Homestead | Exemption | $25,000 | $25,000 | $25,000 |
| Second Homestead | Exemption | $25,000 | $25,000 | $25,000 |

Note: not all benefits are applicable to all Taxable Values (ie County, School Board, City, Regional).

### Taxable Value Information:

| | Current | Previous | Previous 2 |
|---|---|---|---|
| Year | 2013 | 2012 | 2011 |
| | Exemption/Taxable | Exemption/Taxable | Exemption/Taxable |
| County | $50,000/$122,890 | $50,000/$129,879 | $50,000/$124,640 |
| School Board | $25,000/$147,890 | $25,000/$154,879 | $25,000/$149,640 |
| City | $50,000/$122,890 | $50,000/$129,879 | $50,000/$124,640 |
| Regional | $50,000/$122,890 | $50,000/$129,879 | $50,000/$124,640 |

### Sale Information:

| Date | Amount | OR Book-Page | Qualification Code |
|---|---|---|---|
| 7/2004 | $230,000 | 22570-3703 | Sales which are qualified |
| 10/2003 | $203,000 | 21783-4530 | Sales which are qualified |
| 10/2001 | $173,000 | 20027-1827 | Sales which are qualified |
| 4/1999 | $150,000 | 18558-0119 | Sales which are qualified |
| 11/1998 | $131,700 | 18355-1695 | Sales which are qualified |

**Disclaimer:**

The Office of the Property Appraiser and Miami-Dade County are continually editing and updating the tax roll and GIS data to reflect the latest property information and GIS positional accuracy. No warranties, expressed or implied, are provided for data and the positional or thematic accuracy of the data herein, its use, or its interpretation. Although this website is periodically updated, this information may not reflect the data currently on file at Miami-Dade County's systems of record. The Property Appraiser and Miami-Dade County assumes no liability either for any errors, omissions, or inaccuracies in the information provided regardless of the cause of such or for any decision made, action taken, or action not taken by the user in reliance upon any information provided herein. See Miami-Dade County full disclaimer and User Agreement at

```
CFN 2009R0453404
OR Bk 26913 Pgs 2616 - 2617; (2pgs)
RECORDED 06/23/2009 14:56:52
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

Recording Requested By:
AURORA LOAN SERVICES

When Recorded Return To:

ASSIGNMENT PREP
AURORA LOAN SERVICES
P.O. Box 1706
Scottsbluff, NE 69363-1706

---

**CORPORATE ASSIGNMENT OF MORTGAGE**

Miami-Dade, Florida
SELLER'S SERVICING #:0033523408 "ANGARITA"

MERS #: 100039263273584752 VRU #: 1-888-679-6377

Date of Assignment: June 2nd, 2009
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION IT'S SUCCESSORS AND ASSIGNS at 3300 S.W. 34TH AVENUE, SUITE 101, OCALA, FL 34474
Assignee: AURORA LOAN SERVICES LLC at 2617 COLLEGE PARK, SCOTTSBLUFF, NE 69361
Executed By: MAURICIO ANGARITA , A MARRIED MAN JOINED BY SPOUSE  GRACIELA  CORREA To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION
Date of Mortgage: 11/07/2006 Recorded: 12/03/2006 in Book/Reel/Liber: 25151 Page/Folio: 0783 as Instrument No.: 2006R1284050 In Miami-Dade, Florida

Property Address: 10750 NW 66TH STREET, UNIT 506, DORAL, FL 33178

KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage together with the Note or other evidence of indebtedness (the "Note"), said Note having an original principal sum of $300,000.00 with interest, secured thereby, together with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage and Note, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage and Note., AS OF JUNE 1, 2009 BUT WITHOUT RECOURSE ON THE UNDERSIGNED
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION IT'S SUCCESSORS AND ASSIGNS
On June 2nd, 2009

By: _____
THEODORE SCHULTZ, Vice-President

WITNESS                                    WITNESS

_____                    _____
JANIE FLORES                               DEBORAH BACKUS

*LLE*LLEALSI*06/02/2009 12:26:50 PM* ALSI01ALSIA0000000000000000571930* FLDADE* 0033523408 FLSTATE_MORT_ASSIGN_ASSN **LLEALSI*

Book26913/Page2616    CFN#20090453404                    Page 1 of 2

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Nebraska
COUNTY OF Scotts Bluff

ON June 2nd, 2009, before me, JOANN REIN, a Notary Public in and for the County of Scotts Bluff County, State of Nebraska, personally appeared THEODORE SCHULTZ, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

JOANN REIN
Notary Expires: 12/27/2012

GENERAL NOTARY - State of Nebraska
JOANN REIN
My Comm. Exp. Dec. 27, 2012

(This area for notarial seal)

Prepared By:   Lawrence Leseberg,   AURORA LOAN SERVICES 2617 COLLEGE PARK, PO BOX 1706, SCOTTSBLUFF, NE 69363-1706 308-635-3500

*LLE*LLEALSI*06/02/2009 12:26:50 PM* ALSID1ALSIA00000000000000000571930* FLDADE* 0033523408 FLSTATE_MORT_ASSIGN_ASSN **LLEALSI*

CFN 2006R1284051
OR Bk 25151 Pgs 0812 - 823; (12pgs)
RECORDED 12/03/2006 14:05:30
MTG DOC TAX 197.05
INTANG TAX 112.50
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

FIRST MAGNUS FINANCIAL CORPORATION
603 N. WILMOT
TUCSON, AZ 85711

This instrument was prepared by:

FIRST MAGNUS FINANCIAL CORPORATION
603 N. WILMOT
TUCSON, AZ 85711

LOAN NO.: 6358245491
ESCROW NO.: 352847

**MORTGAGE**

MIN 100039263582454911
MERS Phone: 1-888-679-6377
NOTICE: THIS LOAN CONTAINS PROVISIONS THAT ALLOW FOR A BALLOON PAYMENT AT MATURITY.

THIS MORTGAGE is made this 7th day of NOVEMBER, 2006, between the Mortgagor,
MAURICIO ANGARITA, A MARRIED MAN JOINED BY SPOUSE GRACIELA CORREA

, whose address is
10750 NW 66 STREET UNIT 506, DORAL, FL 33178
(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION

("Lender")
is organized and existing under the laws of ARIZONA                    , and has an address of
603 NORTH WILMOT ROAD, TUCSON, AZ 85711

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 56,250.00 which indebtedness is evidenced by Borrower's note dated NOVEMBER 07, 2006 and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on DECEMBER 01, 2021        ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of MIAMI-DADE
State of Florida:
CONDOMINIUM UNIT NO.506, OF CAPTIVA CONDOMINIUM B, A CONDOMINIUM, ACCORDING TO THE DECLARATION THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 18337, AT PAGE 3872, OF THE PUBLIC RECORDS OF MIAMI DADE COUNTY, FLORIDA.

SEE "CONDOMINIUM RIDER" ATTACHED HERETO AND MADE A PART HEREOF.
SEE "PREPAYMENT RIDER" ATTACHED HERETO AND MADE A PART HEREOF.
SEE "BALLOON RIDER SECOND MORTGAGE" ATTACHED HERETO AND MADE A PART HEREOF.

PARCEL NO.: 3530180180300
which has the address of    10750 NW 66 STREET UNIT 506    ,    DORAL    ,
                                  [Street]                              [City]
Florida    33178    (herein "Property Address");
         [ZIP Code]

Initials:         TC
Form 3810
Amended 2/01
FLORIDA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS
VMP-76N(FL) (0307)                  Page 1 of 5          LENDER SUPPORT SYSTEMS INC. 2ND76NFL.NEW (12/04)

" EXHIBIT D "

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11352
Non-Argument Calendar

_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| MAY 11, 2012 |
| JOHN LEY |
| CLERK |

D. C. Docket Nos. 1:10-cv-01612-TCB; 09-BKC-78173-PWB

In Re:

    LORRAINE MCNEAL,

                                              Debtor.

--------------------------------------------------------------------------------------------------

LORRAINE MCNEAL,

                                              Plaintiff-Appellant,

    versus

GMAC MORTGAGE, LLC,
HOMECOMINGS FINANCIAL, LLC,
a GMAC company,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 11, 2012)

Before TJOFLAT, EDMONDSON, and CARNES, Circuit Judges.

PER CURIAM:

Lorraine McNeal appeals the district court's affirmance of the bankruptcy court's denial of McNeal's "Motion to Determine the Secured Status of Claim." In her motion, McNeal sought to "strip off"[1] a second priority lien on her home, pursuant to 11 U.S.C. § 506(a) and (d). Reversible error has been shown; we reverse and remand for additional proceedings.

McNeal filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. In her petition, McNeal reported that her home was subject to two mortgage liens: a first priority lien in the amount of $176,413 held by HSBC and a second priority lien in the amount of $44,444 held by Homecomings Financial, LLC, a subsidiary of GMAC Mortgage, LLC (collectively, "GMAC").

---

[1] In bankruptcy terms, a "strip down" of an undersecured lien reduces the lien to the value of the collateral to which it attaches and a "strip off" removes a wholly unsecured lien in its entirety.

2

McNeal also reported that her home's fair market value was $141,416. The parties do not dispute these factual allegations.

McNeal then sought to "strip off" GMAC's second priority lien, pursuant to sections 506(a) and 506(d). McNeal contended that, because the senior lien exceeded the home's fair market value, GMAC's junior lien was wholly unsecured and, thus, void under section 506(d). The bankruptcy court denied the motion, concluding that section 506(d) did not permit a Chapter 7 debtor to "strip off" a wholly unsecured lien. The district court affirmed.

When the district court affirms the bankruptcy court's order, we review only the bankruptcy court's decision on appeal. Educ. Credit Mgmt. Corp. v. Mosley, 494 F.3d 1320, 1324 (11th Cir. 2007). And we review the bankruptcy court's legal conclusions de novo. Hemar Ins. Corp. of Am. v. Cox, 338 F.3d 1238, 1241 (11th Cir. 2003).

That GMAC's junior lien is both "allowed" under 11 U.S.C. § 502 and wholly unsecured pursuant to section 506(a) is undisputed.[2] To determine whether

---

[2] 11 U.S.C. § 506(a) provides in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

3

such an allowed -- but wholly unsecured -- claim is voidable, we must then look to section 506(d), which provides that "[t]o the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void." See 11 U.S.C. § 506(d).

Several courts have determined that the United States Supreme Court's decision in Dewsnup v. Timm, 112 S. Ct. 773 (1992) -- which concluded that a Chapter 7 debtor could not "strip down" a partially secured lien under section 506(d) -- also precludes a Chapter 7 debtor from "stripping off" a wholly unsecured junior lien such as the lien at issue in this appeal. See, e.g., Ryan v. Homecomings Fin. Network, 253 F.3d 778 (4th Cir. 2001); Talbert v. City Mortg. Serv., 344 F.3d 555 (6th Cir. 2003); Laskin v. First Nat'l Bank of Keystone, 222 B.R. 872 (B.A.P. 9th Cir. 1998). But the present controlling precedent in the Eleventh Circuit remains our decision in Folendore v. United States Small Bus. Admin., 862 F.2d 1537 (11th Cir. 1989). In Folendore, we concluded that an allowed claim that was wholly unsecured -- just as GMAC's claim is here -- was voidable under the plain language of section 506(d).[3]  862 F.2d at 1538-39.

---

[3]Although Folendore addressed the 1978 version of the Bankruptcy Code, the 1984 amendments to the Code did not alter the pertinent language in section 506(a) or (d).

4

A few bankruptcy court decisions within our circuit -- including the decision underlying this appeal -- have treated Folendore as abrogated by Dewsnup. See, e.g., In re McNeal, No. A09-78173, 2010 Bankr. LEXIS 1350, at *9-12 (Bankr. N.D. Ga. Apr. 9, 2010); In re Swafford, 160 B.R. 246, 249 (Bankr. N.D. Ga. 1993); In re Windham, 136 B.R. 878, 882 n.6 (Bankr. M.D. Fla. 1992). But Folendore -- not Dewsnup -- controls in this case.

"Under our prior panel precedent rule, a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is 'clearly on point.'" Atl. Sounding Co., Inc. v. Townsend, 496 F.3d 1282, 1284 (11th Cir. 2007). Because Dewsnup disallowed only a "strip down" of a partially secured mortgage lien and did not address a "strip off" of a wholly unsecured lien, it is not "clearly on point" with the facts in Folendore or with the facts at issue in this appeal.

Although the Supreme Court's reasoning in Dewsnup seems to reject the plain language analysis that we used in Folendore, "'[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding.'" Atl. Sounding Co., Inc., 496 F.3d at 1284 (citing Crawford-El v. Britton, 118 S. Ct. 1584, 1590 (1998)). "[T]hat the reasoning of an intervening high court decision is at odds with that of our prior decision is no basis for a panel

5

to depart from our prior decision." Id.  "As we have stated, '[o]bedience to a Supreme Court decision is one thing, extrapolating from its implications a holding on an issue that was not before that Court in order to upend settled circuit law is another thing." Id.  In fact, the Supreme Court -- noting the ambiguities in the bankruptcy code and the "the difficulty of interpreting the statute in a single opinion that would apply to all possible fact situations" -- limited its Dewsnup decision expressly to the precise issue raised by the facts of the case.  112 S. Ct. at 778.

Because -- under Folendore -- GMAC's lien is voidable under section 506(d), we reverse and remand for additional proceedings consistent with this decision.

REVERSED AND REMANDED.