

ORDERED in the Southern District of Florida on August 7, 2014.

Laurel M. Isicoff, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No: 13-31744-LMI |
| | Chapter 7 |
| MAURICIO ANGARITA | |
| _____Debtor_____/ | |

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY AURORA LOAN SERVICING (DTA SOLUTIONS LLC)**

THIS CASE came to be heard on August 6, 2014 at 1:30 pm on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 49 ; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at

10750 NW 66th Street, Unit 506, Doral, FL 33178, and more particularly described as:

Condominium Unit No. 506 of Captiva Condominium B, a Condominium, According to the Declaration thereof, as recorded in Official Records Book 18337, at Page 3872, of the Public Records of Miami-Dade County, Florida

is $ 172,890.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Aurora Loan Servicing (DTA Solutions LLC) (the "Lender") is $ 380,000.00.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ 0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on 06/29/2009 at recorded at CFN #2009 R 453404 OR Book 26913 Page 2616 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 7 case.

4. Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim,

regardless of the original classification in the proof of claim as filed.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 7 case.

###

Submitted By:

Alexander J. Alfano
Address: 2655 Le Jeune Road
Fourth Floor
Coral Gable, FL 33134
Phone: 305-728-1341


Attorney Alexander J. Alfano is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.